F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 11 2001**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RICHARD LEE MARTINEZ,

      Plaintiff-Appellant,

v.

MONTROSE SHERIFF'S
DEPARTMENT,

      Defendant-Appellee.

No. 00-1326
(D.C. No. 00-Z-802)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

After examining plaintiff's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Plaintiff's motion for oral argument is therefore denied and the case is ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Richard Lee Martinez, a Colorado state inmate, appeals the district court's judgment dismissing his civil rights action brought under 42 U.S.C. § 1983. The district court determined that Mr. Martinez's claims were legally frivolous and dismissed them pursuant to 28 U.S.C. § 1915(e)(2)(B). Mr. Martinez seeks leave to proceed on appeal without prepayment of fees; that request is granted. See 28 U.S.C. § 1915(a). The appeal is dismissed.

Mr. Martinez is an inmate at the Colorado State Penitentiary. He sued the Montrose Sheriff's Department because it provided information to his current custodian that he had engaged in violence and verbal abuse of other inmates and jail staff while he was detained at the Montrose County Jail. Based on that information, he was placed in administrative segregation at the penitentiary, where he has remained for over two and one-half years. He claims that his due process rights were abridged because defendant never held a hearing on the allegations. [1] He further contends that placement in administrative segregation subjected him to cruel and unusual punishment. He also asserts that the district court should have granted him a hearing.

We review de novo district court's decision to dismiss a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

---

[1] The record reflects, however, that a hearing was held at the penitentiary before plaintiff was placed in administrative segregation there.

-2-

Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Because Mr. Martinez is representing himself, his pleadings will be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Mr. Martinez has named as the defendant, the Montrose Sheriff's Department, but he is no longer in their custody. His claims relate to his confinement at the Colorado State Penitentiary, which is not a party to this case. The district court correctly held that in order to state a claim against the Montrose Sheriff's Department, Mr. Martinez was required to show that the municipality's (here, Montrose County) harmful acts resulted from a policy or custom adopted or maintained with objective deliberate indifference to his constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). He must also show that the policy or custom was the "moving force" behind the injury alleged and he must demonstrate "the requisite degree of culpability and . . . a direct causal link between the municipal action and the deprivation of federal rights." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997); see also Myers v. Okla. County Bd. of County Comm'rs, 151 F.3d 1313, 1318 (10th Cir. 1998) (for § 1983 liability against county, plaintiff must allege a constitutional violation by an employee and that municipal policy or custom was moving force). Because Mr. Martinez failed to allege that a policy, custom, or practice of Montrose

County denied him a pre-segregation hearing, his complaint does not make the required causal link. Consequently, he failed to state a claim under § 1983.

Furthermore, Mr. Martinez has failed to state a claim either (1) that he was denied due process by being placed in administrative segregation, or (2) that his placement in administrative segregation violates his Eighth Amendment right to be free from cruel and unusual punishment. His complaint is about the conditions at the penitentiary, so even if Mr. Martinez stated a claim, he has not sued the party who can give him relief.

For the reasons stated above, we hold that Mr. Martinez has "fail[ed] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). No evidentiary hearing was required. Plaintiff's request to proceed in forma pauperis is granted, but he is reminded that he remains obligated to make monthly payments toward the full filing fee for this appeal when he has or receives any credit to his account. See 28 U.S.C. § 1915(b)(1) & (2). No exception is made for dismissed appeals. Cf. Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780-81 (10th Cir. 1999). His motion for oral argument is denied.

This appeal counts as a "strike" under 28 U.S.C. § 1915(g). "The district court's dismissal of the complaint and our dismissal of the appeal therefore count as two strikes." Id. at 781.

Because we determine that § 1915(e)(2)(B) applies, we must "dismiss the case." 28 U.S.C. § 1915(e)(2). Accordingly, the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge